UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ZACHARY IRWIN POND,

Plaintiff,

v.

TERRANCE DOE,

Defendant.

CASE NO. 3:21-cv-05339-BJR-JRC

ORDER

Plaintiff, proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983. Having reviewed and screened plaintiff's proposed complaint under 28 U.S.C. §1915A, the Court declines to serve the proposed complaint but provides plaintiff leave to file an amended pleading by June 25, 2021 to cure the deficiencies identified herein.

The Court declines to rule on plaintiff's motion to proceed IFP (Dkt. 1) until plaintiff has provided a viable complaint. The Clerk is directed to renote plaintiff's motion to proceed IFP for June 25, 2021.

## I.   Background

Plaintiff, who is a pretrial detainee housed at the Cowlitz County Jail, alleges that defendants failed to protect him, violated his due process rights, and retaliated against him. Dkt. 1-1.

## II.   Discussion

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

The Court is required to liberally construe pro se documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

Here, plaintiff filed a 67-page complaint (including attachments). Dkt. 1-1. In the body of complaint, plaintiff repeatedly refers to "Attachment A." *See id.* However, Attachment A appears to be a narration of events related to his alleged injuries and background information since his detainment at Cowlitz County Jail, and it is difficult to discern what actions defendants took that violated plaintiff's constitutional rights. Plaintiff also appears to be alleging several constitutional violations, which arise from different incidents and are unrelated. Further, the exhibits attached to the complaint may serve as exhibits in support of plaintiff's complaint, but

they are not a substitute for the complaint itself. As such, plaintiff has not filed a simple, concise, and direct complaint.

Because "the Court cannot glean what claims for relief might lay hidden in the narration provided by plaintiff and it is plaintiff's responsibility to make each claim clear and provide only a short statement of facts supporting [each] claim," *Henderson v. Scott*, 2005 WL 1335220, at *1 (E.D. Cal. May 4, 2005), plaintiff is ordered to file an amended complaint which complies with Federal Rule of Civil Procedure 8 and this Order.

### III.    Instruction to Plaintiff and the Clerk

Due to the deficiencies described above, the Court will not serve plaintiff's proposed complaint. If plaintiff intends to pursue this § 1983 civil rights action, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right that plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for any previously filed complaint, and not as a supplement.

The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights. The Court will not

authorize service of the amended complaint on any defendant who is not specifically linked to a violation of plaintiff's rights. The amended complaint shall not exceed twenty (20) pages absent leave of Court and upon a showing of good cause.

If plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before June 25, 2021, the undersigned will recommend dismissal of this action.

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is also directed to send copies of this Order and Pro Se Instruction Sheet to plaintiff.

Dated this 26th day of May, 2021.

J. Richard Creatura
Chief United States Magistrate Judge