UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ZACHARY IRWIN POND,

        Plaintiff,

   v.

TERRANCE DOE, et al.,

        Defendants.

CASE NO. **3:21-cv-05339-BJR-JRC**

ORDER DENYING MOTION TO SEVER

Plaintiff brought this action under 42 U.S.C. § 1983. Dkt. 9. Before this Court is plaintiff's motion to sever. Dkt. 29. As discussed below, this Court denies this motion without prejudice.

Plaintiff previously filed a motion to appoint counsel (Dkt. 11), which this Court denied (Dkt. 27). Also, plaintiff previously filed a motion for order to require detailed indexing, justification, and itemization ("miscellaneous motion"). Dkt. 14. In his miscellaneous motion, plaintiff asked this Court to order defendants to give him "a detailed justification for allegations contained in" defendants' answer and for a "previous administrative denial that the requested

documents are exempt from disclosure" under state and federal law. Dkt. 14 at 1. In his supporting declaration, plaintiff stated that he made a formal request at his prison for certain records and that a correctional official intentionally withheld them. Dkt. 15 at 1–2.

This Court issued an order denying the miscellaneous motion. Dkt. 27. As relevant here, this Court stated that, liberally construing the miscellaneous motion and declaration, plaintiff potentially sought leave to amend the amended complaint to allege a new claim. But this Court declined to treat the miscellaneous as a motion to amend because plaintiff failed to "attach a copy of the proposed amended pleading as an exhibit to the [miscellaneous] motion." Local Rule 15.

In his motion to sever, plaintiff appears to allege that he intended his miscellaneous motion to be an independent case under 42 U.S.C. § 1983. *See* Dkt. 29 at 3. However, he asks that "this severance of actions not remain permanent if in the future plaintiff seeks permission to amend his [amended] complaint" in this action. *See id.* at 3–4.

In his motion to sever, plaintiff also asks this Court to reconsider its order denying appointment of counsel. *Id.* at 4–6. In support, he appears to allege that this Court's alleged "misfiling" of the miscellaneous motion shows that this case is complex and that he cannot adequately articulate his claims. *See id.* at 5.

This Court denies the motion to sever without prejudice. If plaintiff wishes, he may file a new, separate action under § 1983 and attempt to assert any appropriate claim in that action based on any allegations he wishes to provide. However, upon careful review of the record, this Court disagrees that the Clerk erred in not opening the miscellaneous motion as a separate action. Notably, petitioner filed his initial proposed complaint on this Court's form for § 1983 actions. Dkt. 1-1. Therefore, the record reflects that he knew that prisoners must file § 1983 actions on

ORDER DENYING MOTION TO SEVER - 2

the form. Furthermore, plaintiff titled the miscellaneous motion as a "motion" and it is not written in the form of a civil rights complaint. *See* Dkt. 14. However, this Court will send plaintiff a copy of this District's § 1983 form in the event he wishes to file a new, separate § 1983 action.

Because this Court has denied the motion to sever, plaintiff's request that the severance not be permanent is moot. To be clear, however, this Court declines to express an opinion about what effect, if any, filing a new, separate action will have on plaintiff's future ability to file a motion to amend in this action. If, at some future point, plaintiff wishes to file a motion to amend in this action, he may do so in accordance with the Federal Rules of Civil Procedure and this District's Local Rules. Only at that time will this Court be able to determine the viability of such a motion.

Moreover, this Court declines to reconsider its order denying plaintiff's motion for counsel. That the Clerk docketed the miscellaneous motion as a motion and not as a separate action does not indicate that this case is complex. Furthermore, as noted in the order, the record reflects that, at this stage, plaintiff can articulate his claims. *See* Dkt. 9.

Accordingly, this Court **DENIES WITHOUT PREJUDICE** plaintiff's motion to sever (Dkt. 29). The Clerk is directed to **SEND** plaintiff copies of this order and the forms necessary to initiate a § 1983 action.

Dated this 23rd day of September, 2021.

J. Richard Creatura
Chief United States Magistrate Judge