|     |     |
| --- | --- |
| 1   |     |
| 2   |     |
| ... |     |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ZACHARY IRWIN POND,

        Plaintiff,

    v.

TERRANCE DOE, *et al.*,

        Defendants.

CASE NO. 3:21-cv-05339-RJR-JRC

ORDER ON MOTION TO RECUSE

This matter is before the undersigned on plaintiff's motion for dispositive review due to judicial misconduct, which the undersigned construes as a motion to recuse. Dkt. 62. For the reasons set forth below, the undersigned declines to recuse himself voluntarily and refers the matter to the Chief Judge for consideration.

## DISCUSSION

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge also shall disqualify himself where he "has a personal bias or prejudice concerning a

party." *Id.* § 455(b)(1).  Further, "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144.

Local Civil Rule 3(f) additionally provides that—

> Whenever a motion to recuse directed at a judge of this court is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, the challenged judge will review the motion papers and decide whether to recuse voluntarily.  If the challenged judge decides not to voluntarily recuse, he or she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee.  If the motion is directed at the chief judge, or if the chief judge or the chief judge's designee is unavailable, the clerk shall refer it to the active judge with the highest seniority.

Under both §144 and § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (citation and internal quotation marks omitted).  The judge's impartiality might reasonably be questioned if, "given all the facts of the case[,] there are reasonable grounds for finding that the judge could not try the case fairly, either because of the appearance or the fact of bias or prejudice." *See United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980).

In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible.  Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Id.* at 555 (citation omitted).

Here, plaintiff alleges that the undersigned is biased against him because the undersigned has issued rulings that he disagrees with. *See* Dkt. 62 at 1–2. In particular, plaintiff disagrees with the undersigned's orders denying appointment of counsel, asserting that he has been declared incompetent in his criminal prosecution. *See id.* at 1. However, the undersigned has denied plaintiff's motions because they have lacked merit. For instance, even if plaintiff has been declared incompetent in his criminal prosecution, he still must satisfy the test for appointment of counsel under 28 U.S.C. § 1915(e)(1), which he has yet to do. *See* Dkts. 27, 37, 41, 43, 47, 56. The undersigned's objective judicial rulings do not show bias or the appearance thereof.

## CONCLUSION

Because there is no basis for a voluntary recusal in this instance, the undersigned declines to recuse himself from the matter. However, plaintiff's motion shall be referred to the Chief Judge for a determination of its merits. LCR 3(e). Accordingly, it is hereby **ORDERED** that the undersigned **DECLINES** to recuse voluntarily. Petitioner's motion to recuse (Dkt. 62) is **REFERRED** to Chief Judge Ricardo Martinez for decision and the Clerk of the Court is directed to **PLACE** this motion on Chief Judge Martinez's motion calendar.

The Clerk is further directed to **SEND** plaintiff a copy of this order.

Dated this 8th day of April, 2022.

J. Richard Creatura
Chief United States Magistrate Judge