UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ZACHARY IRWIN POND,

        Plaintiff,

v.

TERRANCE DOE, *et al.*,

        Defendants.

CASE NO. 3:21-cv-05339-BJR-JRC

ORDER ON MOTION FOR RECUSAL

This matter is before the undersigned on plaintiff's motion for the undersigned to recuse himself from the case. Dkt. 71. For the reasons set forth below, the undersigned declines to recuse himself voluntarily and refers the matter to the Chief Judge for consideration.

## DISCUSSION

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge also shall disqualify himself where he "has a personal bias or prejudice concerning a party." *Id.* § 455(b)(1). Further, "[w]henever a party to any proceeding in a district court makes

and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144.

Local Civil Rule 3(f) additionally provides that—

> Whenever a motion to recuse directed at a judge of this court is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, the challenged judge will review the motion papers and decide whether to recuse voluntarily. If the challenged judge decides not to voluntarily recuse, he or she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee. If the motion is directed at the chief judge, or if the chief judge or the chief judge's designee is unavailable, the clerk shall refer it to the active judge with the highest seniority.

Under both §144 and § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (citation and internal quotation marks omitted). The judge's impartiality might reasonably be questioned if, "given all the facts of the case[,] there are reasonable grounds for finding that the judge could not try the case fairly, either because of the appearance or the fact of bias or prejudice." *See United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980).

In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

1 | *Id*. at 555 (citation omitted).

2 |      Here, plaintiff alleges that the undersigned is biased against him on the basis of adverse rulings. However, this is not an appropriate basis for recusal. Nor has plaintiff identified circumstances evincing bias or the appearance thereof. Plaintiff states that the Court has refused to comply with Fed. R. Civ. P. 17 (as related to suits prosecuted by a guardian on behalf of an incompetent person). Plaintiff also appears to take issue with the Court's decisions not to appoint counsel to represent him. However, the Court has explained that the exceptional circumstances justifying the appointment of counsel in a civil case are not present in this matter. *See* Dkts. 27, 37, 56. The Court has also explained that plaintiff has not provided evidence creating a substantial question regarding his competency, particularly in light of his ability to litigate this matter to date. *See* Dkt. 70, at 2. The Court has further granted plaintiff additional time to respond to the pending summary judgment motion. *See* Dkt. 70, at 2.

## CONCLUSION

Because there is no basis for a voluntary recusal in this instance, the undersigned declines to recuse himself from the matter. However, plaintiff's motion shall be referred to the Chief Judge for a determination of its merits. LCR 3(e). Accordingly, it is hereby **ORDERED** that the undersigned **DECLINES** to recuse voluntarily. Plaintiff's motion to recuse (Dkt. 71) is **REFERRED** to Chief Judge Ricardo Martinez for decision and the Clerk of the Court is directed to **PLACE** this motion on Chief Judge Martinez's motion calendar.

All pending deadlines in this matter are stayed until Judge Martinez rules on the recusal. The Court will enter a scheduling order re-setting the pending deadlines when appropriate.

///

1     The Clerk is further directed to **SEND** plaintiff a copy of this order.

2     Dated this 18th day of May, 2022.

                                      J. Richard Creatura
                                      Chief United States Magistrate Judge