UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZACHARY IRWIN POND, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF WASHINGTON, <br><br> Defendants. | CASE NO. 3:21-cv-05339-BJR-JRC <br><br> ORDER ON REVIEW DECLINING TO RECUSE |

On April 8, 2022, Judge Creatura issued an Order declining to recuse himself in response to Plaintiff's "Request for Dispositive Review due to Judicial Misconduct." Dkts. #62 and #63. In accordance with this Court's Local Rules, this Order was referred to the Chief Judge for review. *See* LCR 3(e). The Court affirmed Judge Creatura's Order. Dkt. #66. Plaintiff has now filed a second Motion for Recusal. Dkt. #71. Judge Creatura has again declined to recuse, citing to much the same law and analysis. Dkt. #74.

A judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). Federal judges also shall disqualify themselves in circumstances where they have a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1). Pursuant to 28 U.S.C. § 144, "whenever a party to any proceeding in a

district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." "[A] judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) ("To warrant recusal, judicial bias must stem from an extrajudicial source.").

The Court has reviewed Mr. Pond's Second Motion. He argues Judge Creatura has failed to follow Rule 17, does not have sufficient "courtroom knowledge," and that he is attempting to "take advantage of a disabled adult." Dkt. #71. Mr. Pond appears to be referring to Judge Creatura's rulings on the appointment of counsel and/or a guardian. Judge Creatura is correct that dissatisfaction with prior judicial rulings is not sufficient cause for recusal. *See Studley, supra*. There is no accusation of extrajudicial bias. Mr. Pond fails to otherwise set forth a basis to reasonably question Judge Creatura's impartiality.

Accordingly, the Court hereby finds and ORDERS that Judge Creatura's second refusal to recuse himself from this matter is AFFIRMED. The Clerk is directed to refer this case and all pending Motions back to Judge Creatura.

DATED this 20th day of May, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE