UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ZACHARY IRWIN POND,

Plaintiff,

v.

TERRANCE DOE, et al.,

Defendants.

CASE NO. 3:21-cv-05339-BJR-JRC

REPORT AND RECOMMENDATION

NOTED FOR: March 24, 2023

This 42 U.S.C. § 1983 civil rights matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Plaintiff Zachary Irwin Pond filed the complaint under 42 U.S.C. § 1983.

Since filing his complaint, plaintiff has changed his address several times. As of December 2022, however, mail from the Court has been returned undeliverable. The Court has ordered plaintiff to provide an updated address by January 6, 2023. To date, plaintiff has not provided an updated address. Therefore, the Court recommends that this case be dismissed for failure to prosecute.

## BACKGROUND AND DISCUSSION

On May 7, 2021, plaintiff filed his complaint. Dkt. 1-1. By order dated May 26, 2021, the Court directed plaintiff to file an amended complaint. Dkt. 5. After plaintiff filed his amended complaint (Dkt. 9), the Court directed service on July 14, 2021 (Dkt. 12). Defendants answered the amended complaint on September 9, 2021. Dkts. 30, 31. On September 14, 2021, the Court issued a scheduling order for case deadlines. Dkt. 32. On February 7, 2022, the Court issued an order extending those case deadlines. Dkt. 41. Thereafter, defendants filed a motion for summary judgment on March 22, 2022.

Since the filing of the motion for summary judgment, the Court has granted several extensions of time to plaintiff for a response or has issued orders either resetting or staying the case deadlines. *See* Dkts. 70, 74, 81, 83, 90, 96. In addition, on November 21, 2022, the Court granted plaintiff's motion to appoint counsel (Dkt. 93) and directed the Western District of Washington's pro bono coordinator to identify counsel to represent plaintiff. Dkt. 98. Unfortunately, to date counsel for plaintiff has not been located.

On December 2, 2022, the order appointing counsel that was sent to plaintiff was returned with a stamp noting, "return to sender, not deliverable as addressed, unable to forward." Dkt. 99. Therefore, on December 7, 2022, the Court entered an order stating that, if plaintiff did not provide the Court with his updated address by January 6, 2023, the Court would dismiss the case for failure to prosecute. Dkt. 100. To date, plaintiff has not provided an updated address or otherwise contacted the Court. As a result, this case should be dismissed for failure to prosecute.

## *IN FORMA PAUPERIS* ("IFP") STATUS ON APPEAL

Plaintiff should not be granted IFP status for purposes of an appeal of this matter. IFP status on appeal shall not be granted if the district court certifies "before or after the notice of

appeal is filed" "that the appeal is not taken in good faith[.]" *See* Fed. R. App. P. 24(a)(3)(A). "The good faith requirement is satisfied if the petitioner seeks review of any issue that is not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (citation and internal quotation marks omitted). Generally, an issue is not frivolous if it has an "arguable basis either in law or in facts." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Because any appeal from this matter would be frivolous, the Court recommends that IFP status not be granted for purposes of appeal.

**CONCLUSION**

For the reasons set forth above, the Court recommends that this case be DISMISSED WITHOUT PREJUDICE for failure to prosecute, that all pending motions (*see* Dkt. 53) be DENIED AS MOOT, and that this case be CLOSED.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **March 24, 2023**, as noted in the caption.

Dated this 10th day of March, 2023.

J. Richard Creatura
United States Magistrate Judge